IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) **Civil Action File No.** ) ) _____ |
| CC HAMPTON, LLC; ALEXANDER PROPERTIES GROUP, INC., AND TEONDRA FLORENCE, | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR RESCISSION

Nautilus Insurance Company ("Nautilus") files this Complaint to rescind insurance policy NN1202681 based on material misrepresentations and omissions by Defendant CC Hampton, LLC ("Hampton") during the underwriting process.

## PARTIES

1.

Nautilus, the plaintiff herein, is a corporation in Arizona with its principal place of business in Arizona. For purposes of federal diversity jurisdiction, Nautilus is a citizen of Arizona.

2.

Hampton, a defendant herein, is a limited liability company that is a citizen of Utah and Florida where its members are citizens. Hampton may be served through its registered agent Eric L. Weiss at Schulten, Ward, Turner & Weiss, 260 Peachtree Road, Suite 2700, Atlanta, Georgia 30303.

3.

Alexander Properties Group, Inc. ("APG"), a defendant herein, is incorporated in Georgia with its principal place of business in Georgia. For purposes of federal diversity jurisdiction, APG is a citizen of the State of Georgia. APG may be served through its registered agent Kevin Caiaccio, 191 Peachtree Street, N.E., Suite 2600, Atlanta, Georgia 30303.

4.

Teondra Florence ("Florence"), a defendant herein, is a citizen of Georgia who resides at 3207 Grapeville Trail, Columbus, Georgia 31903.

## JURISDICTION AND VENUE

5.

There is complete diversity of citizenship between Nautilus and the Defendants.

6.

The amount in controversy exceeds $75,000.

7.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

8.

Defendants are subject to the personal jurisdiction of this Court.

9.

Venue is proper in the Atlanta Division of the Northern District of Georgia under 28 U.S.C. § 1391(b); LR, N.D. Ga. Rule 3.4, and LR App. A I (1.).

## FACTS

10.

On December 10, 2020, Hampton's agent W. Hayward McEver submitted an insurance application with supporting documents to Nautilus' agent Heather Radillo, a true copy of which is attached as Exhibit A.

11.

The application included a question on Hampton's loss history as follows:

| LOSS HISTORY | Check if none | (Attach Loss Summary for Additional Loss Information) |
|---|---|---|
| ENTER ALL CLAIMS OR LOSSES (REGARDLESS OF FAULT AND WHETHER OR NOT INSURED) OR OCCURRENCES THAT MAY GIVE RISE TO CLAIMS FOR THE LAST ____ YEARS | | |

(Exh. A, p. 5.)

3

12.

In response to the question on loss history, a document showing only one loss was attached to the submission, as follows:

| Location | Policy | Loss Date | Carrier | Loss Description | Loss Type | Paid | Subr | Expense | End Reserve | Incurred |
|---|---|---|---|---|---|---|---|---|---|---|
| CC Hampton LLC | CSU0125171 | 11/14/2018 | CSU | Fall/Slip-Closed | GL | | | | | |
| | | | | Total for Loss Date | | 40,000.00 | 0.00 | 0.00 | 0.00 | 40,000.00 |
| | | | | Report Grand Total | | 40,000.00 | 0.00 | 0.00 | 0.00 | 40,000.00 |

(Exh. A, p. 7.)

13.

The submission also included an email from Hampton's principal Jared Remington, dated December 9, 2020, stating, "As you can see, there has been only one GL claim during our ownership, so fairly clean." (Ex. A, p. 1.) Thus, Hampton twice affirmed that it had only one loss to disclose in response to the inquiry as to "claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims."

14.

Based on the representations in the submission marked as Exhibit A to this complaint, Nautilus provided a quote on December 11, 2020 to provide the insurance coverage requested by Hampton. *See* Exhibit B.

4

15.

Hampton accepted the quote on December 17, 2020, that included the signed application. *See* Exhibit C.

16.

Nautilus thus issued policy NN1202681 to "CC Hampton LLC; Code Capital Partners" as the named insureds for the period December 18, 2020, to January 17, 2022, a true copy of which is attached as Exhibit D.

17.

In February 2023, Nautilus received notice of a shooting injury sustained by Florence during the Nautilus policy period at the South Hampton Estates Apartments owned by Hampton and managed by Alexander.

18.

As part of its investigation of the Florence claim, Nautilus obtained an ISO ClaimSearch which showed that Hampton had reported several claims to its prior insurance carrier that Hampton did not disclose to Nautilus in the application for coverage. A true copy of the ISO ClaimSearch is attached as Exhibit E.

19.

One of the matters omitted from the application was a shooting incident involving an individual named Zerrick Cokely that had occurred on March 21, 2019.

20.

On July 28, 2023, Nautilus asked Hampton for more information about the undisclosed matters by August 4, 2023, including the Cokley shooting, a true copy of which is attached as Exhibit F. Nautilus explained that it needed to know the names of the claimants, the injuries involved, when Hampton was aware of the incidents, and when Hampton reported them to its former insurance carrier so that Nautilus could investigate grounds to rescind the policy.

21.

Hampton's agent Bruce Federspiel responded on August 3, 2023 to advise that, "through our research, we discovered CC Hampton LLC did not own the property at the time of the March 21, 2019, Zerrick Cokley incident. I believe the prior owner did not report the incident … nor did he tell the potential buyer CC Hampton LLC about the incident…." Nautilus immediately requested documentation as to the prior owner and transfer of ownership date. A true copy of the email exchanged is attached as Exhibit G.

22.

Bruce Federspiel did not provide the information requested nor the "research" he had conducted. Instead, on August 3, 2023, Hampton's principal Jared Remington corrected Mr. Federspiel's (mis)representation by stating that Hampton *did* own the

property at the time of the Cokley Loss but did not disclose it to Nautilus because the incident occurred "outside of the property on the public sidewalk, not on the premises." A true copy his email is attached as Exhibit H.

23.

Mr. Remington did not respond to the *actual* question on the application which did not ask about incidents on the premises but instead sought disclosure of "claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to claims." Nautilus thus replied to Mr. Remington on August 3, 2023, to reiterate the information for the rescission inquiry to include the names of the claimants, the injuries involved in the claims, and the date that Hampton reported the incidents to its former insurer. A true copy of this email is attached as Exhibit I.

24.

After a week without receiving a substantive response, Nautilus sent a letter to Hampton on August 10, 2023, once again asking Hampton to provide the information requested no later than August 15, 2023. A true and correct copy of this letter is attached as Exhibit J.

25.

When Hampton did not respond by August 15, 2023, Nautilus wrote Hampton yet again on August 17, 2023, stating that a lawsuit would need to be filed to obtain

the necessary information that Hampton was refusing to provide voluntarily. A true copy of the letter is attached as Exhibit K.

26.

Mr. Remington responded to Nautilus' letter of August 17, 2023 by forwarding emails showing that the Cokley shooting had been submitted to Hampton's previous insurer no later than December 13, 2020. A copy of the email forwarded on August 17, 2023 with this disclosure is attached as Exhibit L.

27.

The documents attached to Exhibit L demonstrate that the Cokley shooting should have been disclosed to Nautilus in the application that was submitted to Nautilus on December 10, 2020 and signed by Mr. Remington on December 17, 2020.

28.

Moreover, Hampton has not provided any information on the two other claims that were on the ISO ClaimSearch attached as Exhibit E that were also omitted from Hampton's application for insurance from Nautilus.

29.

The true information omitted from the application increased the liability risk that Nautilus agreed to underwrite.

30.

If Hampton provided true information in response to the question about its loss history, then Nautilus would not have issued the policy, nor on the terms and premium provided.

## **RESCISSION OF THE POLICY**

31.

The factual allegations contained in the preceding paragraphs of this complaint are incorporated by reference as if set forth fully herein.

32.

Hampton misrepresented and omitted true information in response to the question about its loss history on the application for insurance coverage from Nautilus.

33.

Hampton's misrepresentations and omissions in its application for insurance were material to Nautilus' acceptance of the risk or to the hazard it assumed.

34.

Nautilus in good faith would either not have issued the policy or would not have issued the policy in as large an amount or at the premium provided or would

not have provided coverage with respect to the hazard resulting in the loss if the true facts had been disclosed as required by the application.

35.

Pursuant to Federal Rule of Civil Procedure 67, Nautilus is moving contemporaneously to deposit the premium for the Policy into this Court's registry pending resolution of this action.

36.

WHEREFORE, the Court should declare that the Policy is rescinded and void *ab initio* pursuant to O.C.G.A. § 33-24-7.

**NAUTILUS DEMANDS A JURY ON ALL ISSUES SO TRIABLE.**

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
Alexia R. Roney
Georgia Bar No. 581777
aroney@fmglaw.com

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)